IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**JAMES SPEARS, JR.,**                                                                       **PLAINTIFF**

**V.**                          **CASE NO. 3:17-CV-235-DPM-BD**

**DALE COOK, et al.**                                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. Also, by not objecting, parties may waive any right to appeal questions of fact.

**II.**   **Discussion**

James Spears, Jr., formerly an inmate at the Mississippi County Detention Center ("Detention Center"), filed this civil rights lawsuit without the help of a lawyer. (Docket entry #2) In his complaint, Mr. Spears claimed denial of mental health medication; denial of due process before being placed in a "special cell"; unconstitutional conditions of his confinement; discrimination based on race; excessive force; and denial of medical care

following an incident involving Defendants McDermott and Raney.

In his original complaint, Mr. Spears alleged that eleven individuals had violated his constitutional rights at various times. Because Mr. Spears's unrelated claims could not be fairly included in one lawsuit, the Court gave Mr. Spears an opportunity to file an amended complaint. He was directed to elect the related claims he wanted to pursue in this lawsuit. Mr. Spears then filed his amended complaint. (#5)

In his amended complaint, Mr. Spears sued Dale Cook, Andrew Harris, Clayton Hicks, Luther Whitfield, Stipanuk, and K. Stankiewicz. For screening purposes, the Court found that Mr. Spears had stated deliberate-indifference claims and due process claims against those Defendants. His remaining claims were dismissed. (#17)

On March 6, 2018, Defendants moved for an order compelling Mr. Spears to respond to discovery requests. (#38, #39, #40) According to the Defendants' motion, on December 15, 2017, they sent Mr. Spears their first set of discovery requests, including a medical authorization. As of the date the motion to compel was filed, Mr. Spears had failed to respond to those requests or execute the medical authorization.

On March 7, 2018, the Court granted the Defendants' motion to compel and ordered Mr. Spears to file his discovery responses with the Court by April 9, 2018, including an executed medical authorization. (#41) The Court specifically cautioned Mr. Spears that his claims could be dismissed if he failed to comply with the Court's order. Local Rule 5.5.

On April 11, 2018, Defendants filed a Motion to Dismiss (#43) on the basis that Mr. Spears has failed to comply with the Court's Order of March 7, 2018 and has failed

to prosecute his case.

### III.   Conclusion

The Court recommends that the Motion to Dismiss (#43) be granted and that Mr. Spears's claims be DISMISSED, without prejudice, based on his failure to respond to the Court's March 7, 2018 Order and failure to prosecute his lawsuit.

DATED this 12th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE